**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINO JUAREZ-MENDEZ, | No. 05-75248 |
| Petitioner, | Agency No. A073-861-108 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals
Argued and Submitted February 12, 2010
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE, [**] Chief
District Judge.

Lino Juarez-Mendez, a native and citizen of Mexico and a legal permanent

resident of the United States, petitions for review of a decision by the Board of

Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ")

determination that he is inadmissible as an alien smuggler under 8 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ralph R. Beistline, United States District Judge for the
District of Alaska, sitting by designation.

1182(a)(6)(E)(i).  We grant the petition for review.  Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

We conclude that, under the specific circumstances of this case, the actions of the petitioner did not constitute alien smuggling within the meaning of the statute.  Section 1182(a)(6)(E)(i) holds inadmissible "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien *to enter or to try to enter* the United States in violation of law."  8 U.S.C. § 1182(a)(6)(E)(i) (emphasis added).  Although we recognize that "Congress intended the civil alien smuggling statute to apply to a broad range of conduct," *Covarrubias v. Gonzales*, 487 F.3d 742, 748 (9th Cir. 2007), the plain language of § 1182(a)(6)(E)(i) requires assistance to an unlawful entry or attempted entry into the United States.  That requirement is not satisfied here.

We conclude that petitioner did not aid and abet attempted alien smuggling because no "attempt" had been committed.  The preparatory actions of the undocumented aliens were just that -- preparation -- and had not yet ripened into a full-fledged attempt before their plan was thwarted.  The law recognizes the difference between mere preparation (which is not yet a crime) and an attempt (which is).  *See United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1107 (9th

2

Cir. 2009) (explaining that attempt under the common law required "an overt act which is a substantial step towards committing the crime"); *United States v. Buffington*, 815 F.2d 1292, 1303 (9th Cir. 1987) (noting that "[m]ere preparation does not constitute a substantial step" and that a criminal attempt "must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter") (citations and internal quotation marks omitted). On the night border officials stopped Juarez-Mendez from bringing the children across the border, the parents had not even decided how they would effect a crossing. The government asserts that the parents would have crossed illegally; petitioner speculates that they might have crossed through a visitor visa. Regardless, the undisputed facts indicated that at the relevant time, the parents had not arranged for crossing nor commenced their journey–legally or illegally. Because the parents did not move beyond mere preparation to actual entry attempt, Juarez-Mendez's conduct does not satisfy the requirements of § 1182(a)(6)(E)(i).

In this case, the undocumented aliens' plan to illegally enter the United States was thwarted before they made what the law regards as an attempt to enter. For that reason, Juarez-Mendez cannot be found to have aided and abetted an attempted alien smuggling.

**PETITION GRANTED.**

3